IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

**JAMES YARBROUGH and VICTOR LOPEZ-REED, Each Individually and on Behalf of All Others Similarly Situated**                    **PLAINTIFFS**

vs.                              No. 1:22-cv-___

**GEORGIA-CAROLINA STUCCO, INC.**                    **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs James Yarbrough and Victor Lopez-Reed (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their Original Complaint—Collective Action ("Complaint") against Defendant Georgia-Carolina Stucco, Inc. ("Defendant"), state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA to Plaintiffs and all others similarly situated.

## II.     JURISDICTION AND VENUE

3. The United States District Court for the Southern District of Georgia has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Augusta Division of the Southern District of Georgia; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

5. Plaintiff James Yarbrough ("Yarbrough") is an individual and resident of Richmond County.

6. Plaintiff Victor Lopez-Reed ("Reed") is an individual and resident of Richmond County.

7. Defendant is a domestic, for-profit corporation.

8. Defendant's registered agent for service of process is Mark A. Davison, at 6161 Keg Creek Drive, Appling, Georgia 30802.

## IV.    FACTUAL ALLEGATIONS

9. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as equipment, supplies, vehicles and fuel.

10. At all times relevant hereto, Defendant was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203.

11. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

12. At all times material herein, Plaintiffs have been classified by Defendant as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and have been paid an hourly wage.

13. Defendant employed Yarbrough from August of 2020 until January of 2022.

14. Defendant employed Reed from January of 2017 until April of 2022.

15. Defendant also employed other hourly-paid employees within the three years preceding the filing of this lawsuit.

16. At all relevant times herein, Defendant directly hired Plaintiffs and other hourly employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

17. Plaintiffs regularly worked over forty hours in a week.

18. Upon information and belief, other hourly employees also regularly worked over forty hours in a week.

19. Defendant classified Plaintiffs and other hourly employees as nonexempt from the overtime provisions of the FLSA.

20. Defendant paid Plaintiffs their regular rate for all hours worked. In other words, Defendant failed to pay Plaintiffs an overtime premium for hours worked over forty each week.

21. Upon information and belief, Defendant failed to pay other hourly employees an overtime premium for hours worked over forty each week.

22. Defendant classified Plaintiff's and other hourly employees' overtime pay as reimbursement for "gas/meals."

23. At all relevant times herein, Defendant has deprived Plaintiffs and other hourly employees of sufficient overtime compensation for all hours worked.

24. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

25. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked over forty each week;

B. Liquidated damages; and

C. Attorney's fees and costs.

26. Plaintiffs propose the following class under the FLSA:

> **All hourly employees who worked over 40 hours in any week within the past three years.**

27. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

28. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

29. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were paid hourly;

    B. They worked hours over forty in at least one week within the three years preceding the filing of this lawsuit; and

    C. They were subject to Defendant's common policy of failing to pay an overtime premium for hours worked over forty each week.

30. Plaintiffs are unable to state the exact number of the collective but believes that the collective exceeds 50 persons.

31. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

32. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

33. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

### VI.  FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violation)

34. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

35. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

36. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular

wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

37. Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

38. Defendant failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty each week.

39. Defendant knew or should have known that its actions violated the FLSA.

40. Defendant's conduct and practices, as described above, were willful.

41. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

42. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

44.   Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

45.   At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

46.   29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

47.   Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

48.   Defendant failed to pay Plaintiffs and similarly situated employees a sufficient overtime premium for all hours worked over forty each week

49.   Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

50.   Defendant knew or should have known that its actions violated the FLSA.

51.   Defendant's conduct and practices, as described above, were willful.

52.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

53. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

54. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs James Yarbrough and Victor Lopez-Reed, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

          Respectfully submitted,

          **JAMES YARBROUGH and VICTOR LOPEZ-REED, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

          SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

          *s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

          *LEAD COUNSEL FOR PLAINTIFF*
*Pro hac vice motion to be filed*

          DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN
101 Marietta Street, Suite 2650
Atlanta, Georgia 30303
Telephone: (404) 979-3150

          *s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411
matthew.herrington@dcbflegal.com

          *LOCAL COUNSEL FOR PLAINTIFF*