IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JAMES YARBROUGH and          *
VICTOR LOPEZ-REED, et al.,    *
                             *
    Plaintiffs,              *
                             *      CV 122-070
         v.                  *
                             *
GEORGIA-CAROLINA STUCCO, INC., *
                             *
    Defendant.               *
                             *

------------

O R D E R

------------

Before the Court are Plaintiffs James Yarbrough and Victor Lopez-Reed's motion for conditional certification, approval and distribution of notice, and disclosure of contact information (Doc. 13) and Plaintiff Lopez-Reed and Defendant Georgia-Carolina Stucco, Inc.'s joint motion for entry of final judgment (Doc. 31). For the following reasons, Plaintiff Lopez-Reed and Defendant's joint motion for entry of judgment (Doc. 31) is **DENIED WITHOUT PREJUDICE**, and Plaintiffs' motion for conditional certification (Doc. 13) is **DENIED**.

## I. BACKGROUND

Plaintiffs, each individually and on behalf of all others similarly situated, filed the present collective action complaint against Defendant on June 1, 2022. (Doc. 1.) Plaintiffs, who are

former employees of Defendant, allege Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (Id. at 1.) According to Plaintiffs, Defendant "failed to pay Plaintiffs [and other hourly employees] an overtime premium for hours worked over forty each week." (Id. at 3.)

On August 30, 2022, Plaintiffs moved for conditional certification pursuant to the FLSA and Federal Rule of Civil Procedure 23. (Docs. 13, 14.) Defendant responded in opposition (Doc. 18), and Plaintiffs replied in support of their motion (Doc. 19). On December 28, 2022, Plaintiff Lopez-Reed and Defendant filed a joint motion for entry of final judgment as to Plaintiff Lopez-Reed. (Doc. 31.) The Court first addresses the joint motion for entry of final judgment before turning to Plaintiffs' motion for conditional certification.

## II. ENTRY OF FINAL JUDGMENT

On August 12, 2022, Defendant made an offer of judgment in the amount of $18,000.00, plus reasonable attorneys' fees and costs, to Plaintiff Lopez-Reed pursuant to Federal Rule of Civil Procedure 68. (Doc. 12-1, at 1-2.) Plaintiff Lopez-Reed accepted the offer and filed his Notice of Acceptance on August 26, 2022. (Doc. 12.) On December 28, 2022, Plaintiff Lopez-Reed and Defendant filed a joint motion for entry of final judgment and

represent "the amount of attorneys' fees and costs due to Mr. Lopez-Reed in this action will be $3,720.00" and that Defendant's "Offer of Judgment equals or exceeds [Plaintiff Lopez-Reed's] maximum recovery on the claims he brings in this lawsuit." (Doc. 31, at 1.) Based on Plaintiff Lopez-Reed's acceptance of the offer of final judgment, Plaintiff Lopez-Reed and Defendant seek an entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b). (Id. at 2.)

As an initial matter, the Court notes that Rule 68(a) has been satisfied because Defendant extended its "offer to allow judgment on specified terms" "[a]t least [fourteen] days before the date set for trial," Plaintiff Lopez-Reed "serve[d] written notice accepting the offer" "within [fourteen] days after being served," and "the offer and notice of acceptance, plus proof of service" were filed with the Court. FED. R. CIV. P. 68. However, "when a plaintiff's [FLSA] claim is compromised, acceptance of a Rule 68 offer of judgment does not relieve the Court of its duty to determine whether the settlement is a fair and reasonable resolution of a bona fide dispute." Deese v. Bonnaroo Rest. Grp. II, L.P., No. CV 115-047, 2015 WL 4390027, at *1 (S.D. Ga. July 15, 2015) (citation and internal quotation marks omitted). Because Plaintiffs brought this collective action under the FLSA "for violations of the overtime provisions", the offer accepted by Plaintiff Lopez-Reed compromises FLSA claims and must be reviewed

3

by the Court.  (See Doc. 1, at 1.)  Therefore, the Court construes the joint motion for entry of judgement (Doc. 31) as a joint motion for approval of an FLSA settlement agreement.

Congress enacted the FLSA with the purpose of protecting workers from oppressive working hours and substandard wages. Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981).  Because workers and employers often possess unequal bargaining power, Congress made the FLSA's wage and hour limitations mandatory.  Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945).  Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement that falls short of the FLSA's minimum employee protections.  Barrentine, 450 U.S. at 740.  Accordingly, the FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptional circumstances.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1981).

The first exception involves actions by the Secretary of Labor, which is inapplicable to the present settlement.  See id. at 1353.  The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b).  Id.  In such an instance, the parties must present the proposed settlement to the court, and the court may approve it "after scrutinizing the settlement for fairness."

Id.   "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]" then the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id.   The settlement can cover back wages, liquidated damages, reasonable attorney's fees, and costs of the action.  29 U.S.C. § 216(b).

Before accepting the proposed settlement, the Court must determine whether a true conflict exists.  A true conflict requires a bona fide dispute over FLSA provisions. Lynn's Food Stores, 679 F.2d at 1354-55.  Initiation of "a suit brought by employees under the FLSA for back wages . . . provides some assurance of an adversarial context." Id. at 1354; see Barnes v. Ferrell Elec., Inc., No. CV 113-056, 2013 WL 5651903, at *1 (S.D. Ga. Oct. 16, 2013).  Here, Plaintiff Lopez-Reed filed suit and is represented by counsel, which provides some indication that a true conflict exists between Plaintiff Lopez-Reed and Defendant.

Next, the Court must determine whether the settlement amount is fair and reasonable. Courts have considered several factors in determining settlement fairness and reasonableness:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Hirsch v. Mister Sparky, Inc., No. 1:09-CV-2897, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010) (citations omitted). Plaintiff Lopez-Reed and Defendant assert that "[Plaintiff] Lopez-Reed has acknowledged that [Defendant's] Offer of Judgment equals or exceeds his maximum recovery on the claims he brings in this lawsuit." (Doc. 31, at 1.) However, this assertion alone does not provide the Court with enough information to consider any of the other factors in determining whether a settlement is fair and reasonable. Therefore, even though the settlement amount may in fact be fair and reasonable, the Court is unable to determine whether $18,000.00 is a fair and reasonable settlement amount.

As for attorneys' fees, the Court cannot approve the proposed amount of $3,720.00 because the Parties failed to submit documentation supporting their proposed attorneys' fees and costs. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated

6

adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).  To fulfill its duty of inquiry, the Court must have documentation of how the attorneys' fees were computed.  Brown v. Am. Moving & Storage, LLC, No. CV418-009, 2018 WL 5811487, at *3 (S.D. Ga. Nov. 6, 2018) (citation omitted).  The Parties have not provided any such documentation.  See Lynch v. Equity Auto Loan, LLC, No. CV410-058, 2011 WL 13284447, at *1 (S.D. Ga. Feb. 7, 2011) ("The Court cannot fulfill its duty of inquiry with absolutely no documentation as to how attorney's fees were computed."); Cummings v. Bignault & Carter, LLC, No. CV418-244, 2019 WL 2207656, at *2 (S.D. Ga. May 21, 2019) (explaining that "one of the most basic tenants of the FLSA" is "demonstrat[ing] to the Court that any requested attorney's fee is reasonable").  Although the attorneys' fees may in fact be fair and reasonable, the Court simply does not have enough information to determine whether $3,720.00 in attorneys' fees is reasonable.

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** the joint motion for entry of final judgment (Doc. 31).  Within **FOURTEEN (14) DAYS** of the date of this Order, Plaintiff Lopez-Reed and Defendant may file on the public docket a revised motion for approval of settlement agreement that addresses the issues discussed herein.  If Plaintiff Lopez-Reed and Defendant do not

move for approval of a revised settlement agreement within **FOURTEEN (14) DAYS,** the Court **DIRECTS** Plaintiff Lopez-Reed and Defendant to submit a status report setting forth the status of their settlement discussions.

## III. CONDITIONAL CERTIFICATION

The Court now addresses Plaintiffs' motion for conditional certification.

### A. Legal Standard

Under federal law, "[a]n action to recover the liability prescribed . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). An action by employees on behalf of themselves and others similarly situated pursuant to section 216(b) is commonly referred to as a "collective action." Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). As the Supreme Court described, "[a] collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." Id. "The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Id.

In evaluating whether a collective action is proper pursuant to Section 216(b), the Eleventh Circuit suggests employing a two-tiered, conditional approach. Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001).

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision — usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

Id. at 1218 (citation omitted). Here, Plaintiffs move for conditional certification at the notice stage. (See Doc. 13.)

In addition to the "fairly lenient" descriptor applied in Hipp, the Eleventh Circuit describes the standard at the notice stage as "not particularly stringent," "flexible," "not heavy," and "less stringent than that for joinder under [Federal] Rule [of Civil Procedure] 20(a) or for separate trials under 42(b)." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260-61 (11th Cir.

2008) (citations omitted) (collecting cases discussing the plaintiff's burden at the notice stage). Before granting conditional certification, "the district court should satisfy itself that there are other employees of the [defendant]-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991). The burden to make such a showing belongs with the opt-in class proponent. See Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007). "Typically, courts presented with motions to conditionally certify a class under [Section] 216(b) grant those motions and allow the case to proceed to discovery." Kerce v. W. Telemarketing Corp., 575 F. Supp. 2d 1354, 1358 (S.D. Ga. 2008) (citing Hipp, 252 F.3d at 1217; Davis v. Charoen Pokphand (USA), Inc., 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004)). Whether to grant or deny conditional certification, however, is within the district court's discretion. Morgan, 551 F.3d at 1260.

At the conditional certification stage, the district court neither resolves factual disputes nor determines the merits of the plaintiffs' case. Waymon-Gay v. Pathway to Hope Counseling, Servs., Inc., No. 7:17-CV-159, 2018 WL 3454895, at *4 (M.D. Ga. June 4, 2018) (citing Grayson v. K Mart Corp., 79 F.3d 1086, 1099 n.17 (11th Cir. 1996); Kerce, 575 F. Supp. 2d at 1358). "Likewise,

the availability of individual defenses to individual plaintiffs is better left to decertification." Id. (citing Morgan, 551 F.3d at 1262).

## B. Discussion

Plaintiffs seek conditional certification, for approval and distribution of notice, and disclosure of contact information. (Doc. 13.) In opposition to Plaintiffs' motion, Defendant argues Plaintiff Lopez-Reed cannot represent other employees who may be similarly situated because he accepted an offer of judgment, and Plaintiffs fail to demonstrate conditional certification is appropriate. (Doc. 18, at 1-7.) Defendant also objects to Plaintiffs' proposed notice and consent forms for several reasons. (Id. at 7-11.)

As an initial matter, Defendant's argument that Plaintiff Lopez-Reed cannot be a representative because he has accepted an offer of judgment seems to imply that his declaration may not be considered in ruling on Plaintiffs' motion. (See id. at 2.) However, the Court will consider Plaintiff Lopez-Reed's declaration in ruling on Plaintiffs' motion even if he has accepted an offer of judgment. See King v. CVS/Caremark Corp., No. 07-21824-CIV, 2007 WL 9705959, at *5 n.6 (S.D. Fla. Dec. 14, 2007) ("[O]ffers of judgment should not undermine the factual record at the time Plaintiffs sought court approval of the collective action.").

11

The Court now addresses whether Plaintiffs satisfy the two elements for conditional certification: (1) whether there are other employees who desire to opt-in and (2) whether employees sought to be included in the putative class are similarly situated. Dybach, 942 F.2d at 1567-68.

1. Other Employees Who Desire to Opt-in

Plaintiffs have the burden of demonstrating there are other employees who desire to opt-in. Haynes v. Singer Co., Inc., 696 F.2d 884, 887 (11th Cir. 1983). "A plaintiff may present evidence of other employees who desire to opt-in via affidavits, consents to join the lawsuit, or expert evidence on the existence of similarly-situated employees." Mason v. Atlanta Beverage Co., No. 1:17-CV-2293, 2018 WL 3655374, at *5 (N.D. Ga. Aug. 2, 2018) (citations and quotation marks omitted). However, evidence of other employees' desire to opt-in requires more than the plaintiff's bare belief that other employees exist. Morgan, 551 F.3d at 1261; see also Davis, 303 F. Supp. 2d at 1277 ("[P]laintiffs must introduce more than their own statements that other potential class members exist."). The Court is mindful that there is no "magic number of plaintiffs that will show enough interest." Olmstead v. RDJE, Inc., No. 3:16-CV-198, 2017 WL 3769331, at *4 (N.D. Ga. Aug. 31, 2017).

Here, Plaintiffs attempt to represent the proposed conditional class and submit their declarations in support. (Doc.

13; Decl. of Yarbrough, Doc. 13-6; Decl. of Lopez-Reed, Doc. 13-7.) Plaintiffs also filed one consent to join on behalf of Adam Richbow, another former employee of Defendant. (Doc. 17.)

In response, Defendant points out that Plaintiffs make no arguments in their motion or brief regarding any employees who desire to opt-in and that "conclusory reliance upon Plaintiffs' 'belief[s]'" in their declarations are "insufficient to satisfy their burden." (Doc. 18, at 4.) Defendant also argues one consent to join is insufficient to justify conditional certification. (Id.) Moreover, Defendant contends "[n]otice is not appropriate to determine *whether* there are others who desire to join the lawsuit." (Id. (citing Delano v. MasTec, Inc., No. 8:10-CV-320, 2011 WL 2173864, at *4 (M.D. Fla. June 2, 2011)) (emphasis in original).)

In reply, Plaintiffs argue they "have clearly demonstrated interest, with two named Plaintiffs . . . and a third individual filing a [c]onsent to [j]oin[, and e]ven if this Court were to disregard Plaintiffs' affirmations that they believe others would join . . . , the volume of participants already joining confirms the existence of interested collective members." (Doc. 19, at 2.) Plaintiffs also assert that Defendant's reliance on Haynes is improper because Haynes did not address "whether the plaintiff had shown adequate outside interest to warrant certification." (Id.) Additionally, Plaintiffs argue that because neither Plaintiff is

13

currently employed by Defendant, "[t]hey are no longer in easy and direct contact with members of the putative class, and consequently, many potential opt-ins are likely unaware that this lawsuit even exists." (Id. at 3 (citing Troxel v. Gunite Pros, LLC, No. CIVILACTION210057, 2022 WL 37525, at *2 (S.D. Ala. Jan. 4, 2022)).) In conclusion, Plaintiffs argue that requiring them to "recruit others to join prior to their receipt of notice that they *can* join" is inconsistent with "(1) the broad, remedial goal of the FLSA; (2) the notion that the FLSA should be liberally applied to the furthest reaches consistent with congressional direction; and (3) the relatively low burden at the conditional certification stage[,]" and for these reasons, "[m]any courts reject the requirement that a plaintiff prove the existence of other putative plaintiffs already desiring to join the current litigation at all." (Id. (emphasis in original).)

As an initial matter, the Court finds many arguments raised in Plaintiffs' reply unavailing. First, Plaintiffs' characterization that there is a "volume of participants already joining" is misleading because only one individual filed a consent to join. (See Doc. 19, at 2; Doc. 17.) Second, Plaintiffs' argument regarding Defendant's reliance on Haynes is misplaced because Defendant only relies on Haynes to demonstrate that Plaintiffs bear the burden of demonstrating other employees desire to opt-in and cannot only rely on counsel's assertion. Haynes,

696 F.2d at 887; (see Doc. 18, at 3).   Third, Plaintiffs' argument
that they met their burden by relying on Troxel is misplaced. (See
Doc. 19, at 3.)   The Court in Troxel did not find the plaintiffs
met their burden because they were no longer employed with
Defendant and minimal discovery had taken place, but instead used
those reasons to explain why the cases cited by defendants were
inapplicable.   Troxel, 2022 WL 37525, at *2.   Furthermore, there
was only one named plaintiff at the start of the suit in Troxel,
but seven additional plaintiffs opted in and were later added as
named plaintiffs, and they all submitted declarations in support.
See id.   While Plaintiffs in the present case are also no longer
employed by Defendant and minimal discovery, if any, has taken
place, the fact remains there are only two declarations submitted
in support of Plaintiffs' motion in comparison to the eight
declarations submitted in Troxel. (See Docs. 13-6, 13-7.)   Fourth,
to the extent Plaintiffs argue they should be permitted to send
notice to recruit others to join, this is incorrect: as Defendant
correctly argues, "[n]otice is not appropriate to determine
whether there are others who desire to join the lawsuit." (Doc.
18, at 4 (citing Delano, 2011 WL 2173864, at *4).)   Lastly,
Plaintiffs' argument that courts have rejected the requirement
that a plaintiff must prove other employees desire to opt-in is
irrelevant because the Eleventh Circuit explicitly adopted a two-

part test which includes that very requirement. Dybach, 942 F.2d at 1567-68.

Although Plaintiffs' reply arguments are unsuccessful, the Court will look to the two declarations and one consent to join to determine if Plaintiffs met their burden. Plaintiffs' declarations are nearly identical and provide that they "believe that there would be others who would want to join this lawsuit if they were made aware of the opportunity." (Decl. of Yarbrough, at 3; Decl. of Lopez-Reed, at 3.) Plaintiff Yarbrough states that he recalls working with four individuals, three of which he does not recall their last names and the other being Plaintiff Lopez-Reed. (Dec. of Yarbrough, at 2.) Plaintiff Lopez-Reed states that he recalls working with three individuals, one of which is Plaintiff Yarbrough. (Dec. of Lopez-Reed, at 2.) While the Court is aware that Plaintiffs' burden at the notice stage is light and there is no "magic number" requirement, Plaintiffs have failed to show there are other employees who desire to opt-in to this litigation because, since this case was filed on June 1, 2022, only one consent to join was filed by Mr. Richbow (Doc. 17).[1] See Linscheid

---

[1] Moreover, one consent to join is not sufficient to meet their burden considering the potential number of employees who would fall within the putative class definition according to Plaintiffs. (Doc. 1, at 5 ("Plaintiffs are unable to state the exact number of the collective but believes that the collective exceeds 50 persons"); Doc. 13-6, at 3 (estimating at least 40 other individuals were hour laborers since June 1, 2019); Doc. 13-7, at 3 (estimating at least 15-20 other individuals were hour laborers since June 1, 2019; see Linscheid, 2012 WL 12861603, at *2-3 (finding one opt-in plaintiff not sufficient where "there [were] approximately twenty-five employees who [fell] within the putative class definition").

v. Natus Med. Inc., No. 3:12-CV-67, 2012 WL 12861603, at *3 (N.D. Ga. Nov. 15, 2012) ("The Court is aware of the relatively low threshold set for conditional class approval by Hipp, but still holds that the one opt-in [p]laintiff is not enough to meet this threshold."); see also Barten v. KTK & Assocs., Inc., No. 8:06-CV-1574, 2007 WL 2176203, at *3 (M.D. Fla. July 26, 2007) (finding plaintiffs failed to establish that there are other employees who wish to opt-in where the plaintiffs identified "only one viable opt-in plaintiff" since the lawsuit was commenced); White v. Kcpar, Inc., No. 605CV1317, 2006 WL 1722348, at *3 (M.D. Fla. June 20, 2006) (collecting cases). Because Plaintiffs failed to meet the burden of showing other employees' desire to opt-in, the Court need not address whether the putative class members are similarly situated. Accordingly, Plaintiffs' motion for conditional certification (Doc. 13) is **DENIED**.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff Lopez-Reed and Defendant's joint motion for entry of final judgment (Doc. 31) and **DENIES** Plaintiffs' motion for conditional certification (Doc. 13). Within **FOURTEEN (14) DAYS** of

---

[2] Because Plaintiffs' motion for conditional certification is denied, the Court also **DENIES** Plaintiffs' request to "approve Plaintiffs' proposed collective action notice and consent forms, grant leave for plaintiffs to send notice through mail and email, and order Defendant to provide contact information for potential opt-ins" (Doc. 14, at 9).

the date of this Order, Plaintiff Lopez-Reed and Defendant may file on the public docket a revised motion for approval of settlement agreement that addresses the issues discussed herein. If Plaintiff Lopez-Reed and Defendant do not move for approval of a revised settlement agreement within **FOURTEEN (14) DAYS**, the Court **DIRECTS** Plaintiff Lopez-Reed and Defendant to submit a status report setting forth the status of settlement discussions.

**ORDER ENTERED** at Augusta, Georgia, this _16th_ day of August, 2023.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA