IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

**JAMES YARBROUGH and VICTOR**                              **PLAINTIFFS**
**LOPEZ-REED, Each Individually and on**
**Behalf of All Others Similarly Situated**

vs.                      No. 1:22-cv-70-JRH-BKE

**GEORGIA-CAROLINA STUCCO, INC.**                             **DEFENDANT**

**RENEWED JOINT MOTION FOR APPROVAL OF**
**SETTLEMENT RE: PLAINTIFF VICTOR LOPEZ-REED**

Plaintiff Victor Lopez-Reed ("Plaintiff") along with Defendant Georgia-Carolina Stucco, Inc. ("Defendant"), by and through their respective undersigned counsel, jointly seek entry of an Order approving the Parties' executed Amended Settlement Agreement and Release ("Amended Agreement"). A fully executed copy of the Amended Agreement is attached hereto as Exhibit 1. The Court has already ruled that the terms of the Parties' agreement with respect to Plaintiff are fair and reasonable, *see* ECF No. 39. The purpose of the Amended Agreement and this Motion is to provide the Court with additional information with respect to Plaintiff's counsel's incurred attorneys' fees and costs.

I.      **ATTORNEYS' FEES AND COSTS**

As the Court identified in its latest Order, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351. However, when an amount of fees and costs is negotiated entirely separate from a plaintiff's

Page 1 of 4
James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.
U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE
Renewed Joint Motion for Approval of
Settlement Re: Plaintiff Victor Lopez-Reed

settlement amount, many courts review negotiated fee amounts with less scrutiny. *See Dixon v. Morris-Shea Bridge Co.*, No. 2:21-cv-01110-JHE, 2021 U.S. Dist. LEXIS 222004, at *4 (N.D. Ala. Nov. 17, 2021) ("Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.") (*quoting Davis v. Filta Grp., Inc.*, No. 6:10-cv-457-Orl-31KRS, 2010 U.S. Dist. LEXIS 108043, at *5 (M.D. Fla. Sep. 20, 2010) (internal citations omitted)).

Here, the agreed amount of attorneys' fees and costs was negotiated separately from Plaintiff's settlement amount. *See* ECF No. 12 at ¶ 3, August 26, 2022 ("Lopez-Reed hereby accepts Defendant's Offer of Judgment for (a) the sum total of $18,000.00, inclusive of all accrued damages, and (b) **reasonable attorneys' fee and costs to be determined**.") (emphasis added). At the time Plaintiff accepted the Offer of Judgment, attorneys' fees and costs had not been negotiated. Accordingly, the subsequently negotiated fees and costs did not affect Plaintiff's settlement amount. The fee demand conveyed by Plaintiffs' counsel, which took into account the risks and investment of time and resources into a later possible fee petition, was for $3,720.00. The attorney's fees sought by the Plaintiffs' counsel reflect counsel's assessment of the portion of the total attorney's fees devoted to Plaintiff Lopez-Reed. This amount assumed an hourly rate of $254.00 for 14.5 hours of work in furthering Plaintiff's claim.

To assist the Court in determining the reasonableness of the agreed amount of attorneys' fees and costs, Plaintiff is attaching the billing spreadsheet kept by the Sanford

Page 2 of 4
James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.
U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE
Renewed Joint Motion for Approval of
Settlement Re: Plaintiff Victor Lopez-Reed

Law Firm as Exhibit 2, redacted only for sensitive attorney-client privileged information. Consistent with the Court's note, each entry billed by a paralegal, data analyst, or member of the firm's staff has been removed[1]. Should the Court require a complete copy of the billing spreadsheet with no redactions, Plaintiff's counsel requests the Court to allow for submission of the unredacted copy either under seal or *in camera*.

## II.     CONCLUSION

The parties entered into a fair and reasonable settlement and believe it should be approved in its entirety. Accordingly, the parties request that the Court enter an order granting the Joint Motion to Approve Settlement Agreement and dismissing Plaintiff Victor Lopez-Reed's claims with prejudice.

Respectfully submitted,

**PLAINTIFF VICTOR LOPEZ-REED**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

*LEAD COUNSEL FOR PLAINTIFF*
*Admitted Pro hac Vice*

DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN
101 Marietta Street, Suite 2650
Atlanta, Georgia 30303
Telephone: (404) 979-3150

---

[1] After removal of the clerical entries, the ratio of the agreed attorneys' fees and costs amount to the total invoice number listed on Exhibit 1 is 28.8%

Page 3 of 4
James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.
U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE
Renewed Joint Motion for Approval of
Settlement Re: Plaintiff Victor Lopez-Reed

|  |  |
|---|---|
|  | Matthew W. Herrington<br>Ga. Bar No. 275411<br>matthew.herrington@dcbflegal.com<br><br>*LOCAL COUNSEL FOR PLAINTIFF* |
| **and** | **DEFENDANT GEORGIA-CAROLINA STUCCO, INC.**<br><br>HULL BARRETT, PC<br>Post Office Box 1564<br>Augusta, Georgia 30903-1564<br>Phone: (706) 722-4481<br>Facsimile: (706) 722-9779<br><br>*/s/ James B. Ellington*<br>James B. Ellington<br>Ga. Bar No. 243858<br>jellington@hullbarrett.com<br><br>*COUNSEL FOR DEFENDANT* |

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the foregoing document was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record:

James B. Ellington, Esq.
Hull Barrett, PC
P.O. Box 1564
Augusta, Georgia 30903-1564
(706) 722-4481 (telephone)
(706) 722-9779 (facsimile)
jellington@hullbarret.com
Attorney for Defendant

/s/ Josh Sanford
**Josh Sanford**

Page 4 of 4
James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.
U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE
Renewed Joint Motion for Approval of
Settlement Re: Plaintiff Victor Lopez-Reed