IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JAMES YARBROUGH and VICTOR LOPEZ-REED, | * * * |
| Plaintiffs, | * * |
| v. | CV 122-070 * * |
| GEORGIA-CAROLINA STUCCO, INC., | * * |
| Defendant. | * * |

**O R D E R**

Before the Court is Plaintiff Victor Lopez-Reed and Defendant's (collectively, the "Moving Parties") renewed joint motion to approve settlement agreement and dismiss with prejudice. (Doc. 42.) Pursuant to Eleventh Circuit precedent and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, as amended, the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering a judgment. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). On April 10, 2024, the Court denied the Moving Parties' original motion for settlement approval (Doc. 39), and they have now submitted a renewed motion and amended settlement agreement. For the following reasons, the Moving Parties' motion is **GRANTED**.

## I. DISCUSSION

The Court previously found the presence of a bona fide dispute and that the settlement amount was fair and reasonable. (Doc. 39, at 3-5.) However, the Court denied the Moving Parties' original motion because of the lack of information regarding the proposed attorneys' fees and costs. (Id. at 5-8.) The renewed settlement agreement is the same in all material respects (see Docs. 42-1, 38-1), but the Moving Parties now attach a breakdown of their billing and additional information as to their fees and costs (Doc. 42, at 2; Doc. 42-2). The Court therefore turns its inquiry only to this area.

This case involves two plaintiffs, only one of whom is subject to the proposed settlement agreement. (See Docs. 1, 42.) In the original motion to approve settlement, the Moving Parties provided the Court with an estimate of the overall billing by Plaintiffs' counsel and stated the proposed agreement contemplated approximately 22.75% of the current invoice. (Doc. 38, at 6.) The Moving Parties, however, "acknowledge[d] that some of the fees incurred were not directly related to the furtherance of [Plaintiff Victor Lopez-Reed's] claims and were instead incurred for the benefit of [P]laintiff James Yarbrough or, to a lesser extent, Adam Richbow." (Id. at 6-7.) The Moving Parties attached an affidavit from Plaintiffs' counsel, which informed the Court why the attorneys were entitled to the charged rates but never

2

explained how the total amount was reached or addressed the contention that some of the hours expended were not for Plaintiff Victor Lopez-Reed. (See Doc. 38-2.) The Moving Parties stated that "[s]hould the Court require a more in-depth review or an attempted breakdown of incurred fees by [P]laintiff [Lopez-Reed], Plaintiffs' counsel will provide appropriate billing information to the Court." (Doc. 38, at 7.)

In denying the Moving Parties' original motion to approve settlement, the Court explained clearly, citing several cases from the Eleventh Circuit and this District, why the Moving Parties indeed needed to provide more information as to their billing before settlement could be approved. (Doc. 39, at 5-8.) In their renewed motion to approve settlement, the Moving Parties indicate that because the attorneys' fees and costs were negotiated separately from the settlement amount other courts review the fees with less scrutiny and indeed "will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." (Doc. 42, at 1-2 (citing Dixon v. Morris-Shea Bridge Co., No. 2:21-cv-01110, 2021 WL 5359347, at *2 (N.D. Ala. Nov. 17, 2021)).) The Court clarifies the issue is *not* whether the attorneys' fees and costs were negotiated separately, but instead whether they are reasonable. In this District, the Court cannot fulfill its duty of inquiry into the reasonableness of attorneys' fees without a review of how the attorneys reached

3

the amount requested, including documentation of the computation. See Brown v. Am. Moving & Storage, LLC, No. CV418-009, 2018 WL 5811487, at *3 (S.D. Ga. Nov. 6, 2018) (citation omitted); Lynch v. Equity Auto Loan, LLC, No. CV410-058, 2011 WL 13284447, at *1 (S.D. Ga. Feb. 7, 2011) (citations omitted); Cummings V. Bignault & Carter, LLC, No. CV418-244, 2019 WL 2207656, at *2 (S.D. Ga. May 21, 2019). Because the Moving Parties provided the necessary documentation as requested, the Court completes the inquiry now.

When a plaintiff settles for less than a full recovery, costs or fees paid to plaintiff's counsel are improper unless they are fair and reasonable. See Silva v. Miller, 307 F. App'x 349, 350-51 (11th Cir. 2009). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id. at 351. The district court determines what fee is reasonable by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of this formula is the "lodestar." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836

4

F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). Generally, the "relevant legal community" is that of the place where the case is filed. See Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) (citation omitted).

The Moving Parties represent the attorneys' fees of $3,720.00, "reflect counsel's assessment of the portion of the total attorneys' fees devoted to Plaintiff Lopez-Reed." (Doc. 42, at 2.) The Moving Parties also attached a billing spreadsheet with a breakdown of how each attorney billed time and how the overall time was calculated. (See Doc. 42-2.) Plaintiffs' counsel represents they spent about 14.5 hours of work on Plaintiff Lopez-Reed's claim, with an average hourly rate of $254.00. (Doc. 42, at 2.)

After a review of the records and the contentions presented in the Moving Parties' motion, the Court finds the requested attorneys' fees to be fair and reasonable. The Moving Parties represent the hours expended reflect only those expended for Plaintiff Lopez-Reed, and the Court finds 14.5 hours of work for this Plaintiff to be reasonable. The relevant legal market for this Court is the Augusta legal market, and the reasonable rate for more experienced attorneys is $375/hour, for other attorneys is $300/hour, and for paralegals is $100/hour. See Kirkland v. QLS Enters., LLC, No. CV 121-133, 2022 WL 988003, at *2 (S.D. Ga. Mar. 31, 2022). The Court notes that some of the attorneys billed

at a higher rate than the local market rate and there is no justification for why non-local rates are appropriate here. (See Docs. 42, 42-2.) However, the Moving Parties represent the average hourly rate was $254.00/hour, which is well below the reasonable rate for the Augusta legal market for experienced or other attorneys. Kirkland, 2022 WL 988003, at *2. Therefore, the Court finds the attorneys' fees and costs to be fair and reasonable.

The Moving Parties request the Court dismiss Plaintiff Lopez-Reed's claims with prejudice upon approval of the settlement agreement. (Doc. 42, at 3.) "Rule 41(a) allows a district court to dismiss all claims against *a particular defendant*." City of Jacksonville v. Jacksonville Hosp. Holdings, L.P., 82 F.4th 1031, 1036 (11th Cir. 2023) (citations omitted). The pending motion has been signed by all Parties; therefore, the Court finds dismissal of Plaintiff Lopez-Reed proper under Rule 41(a)(1).

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Moving Parties' renewed joint motion to approve settlement agreement (Doc. 42) is **GRANTED**. This matter is **DISMISSED WITH PREJUDICE** as to Plaintiff Victor Lopez-Reed. The Clerk is **DIRECTED** to **TERMINATE** Plaintiff Victor Lopez-Reed as a party to this action and any motions pertaining to him. This action shall remain

pending in all respects as to the remaining Parties. Each Party shall bear its own costs and fees unless otherwise agreed.

**ORDER ENTERED** at Augusta, Georgia, this ___13th___ day of May, 2024.

```
                              _____
                              HONORABLE J. RANDAL HALL
                              UNITED STATES DISTRICT JUDGE
                              SOUTHERN DISTRICT OF GEORGIA
```