# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| JAMES YARBROUGH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GEORGIA-CAROLINA STUCCO, INC., <br><br> Defendant. | Civil Action File No. CV122-070 <br><br> **JOINT MOTION FOR APPROVAL OF SETTLEMENT RE: PLAINTIFFS JAMES YARBROUGH AND ADAM RICHBOW** |

## I.  INTRODUCTION

Plaintiffs James Yarbrough and Adam Richbow[1] ("Plaintiffs"), along with Defendant Georgia-Carolina Stucco, Inc. ("Defendant"), by and through their respective undersigned counsel, jointly seek entry of an Order approving the Parties' executed Settlement Agreements and Releases ("Agreements"), which have been finalized following arms-length settlement negotiations. Fully executed copies of the Agreements are attached hereto as Exhibits 1 and 2. This settlement resolves the claims of the final two remaining Plaintiffs in this action, as the Court has already approved the settlement of Plaintiff Victor Lopez-Reed's claims and entered judgment accordingly. *See* ECF No. 43. The Agreements were reached in compromise of bona fide disputes under the Fair Labor Standards Act and were negotiated in good faith.

---

[1] Plaintiff Adam Richbow filed his Consent to Join on September 15, 2022. *See* ECF No. 17.

Page 1 of 11
James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.
U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE
**Joint Motion for Approval of Settlement Re: Plaintiffs James Yarbrough and Adam Richbow**

## II.     BACKGROUND

Plaintiffs Victor Lopez-Reed and James Yarbrough initiated this action on June 1, 2022. See ECF No. 1. Plaintiffs' Complaint alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., on behalf of themselves and all others allegedly similarly situated, seeking to represent such individuals in a collective action. Plaintiffs alleged that they and other hourly employees of Defendant worked hours, including overtime hours, for which they were not properly compensated. On August 12, 2022, Defendant Georgia-Carolina Stucco, Inc. ("Georgia-Carolina Stucco") made Offers of Judgment to Plaintiffs Yarbrough and Lopez-Reed pursuant to Rule 68 of the Federal Rules of Civil Procedure. Plaintiff Lopez-Reed accepted his Offer of Judgment, and judgment was entered accordingly. Plaintiff Yarbrough declined his offer and continued to litigate his claims.

On December 28, 2022, Plaintiff Victor Lopez-Reed and Defendant filed a Joint Motion for Entry of Final Judgment, requesting the Court to enter Final Judgment in favor of Plaintiff Lopez-Reed pursuant to the parties' offer and acceptance of judgment. ECF No. 31. On August 16, 2023, the Court denied the Joint Motion for Entry of Judgment without prejudice, construing it as a Joint Motion for Approval of an FLSA settlement agreement and requesting further information regarding the fairness and reasonableness of the parties' agreement. ECF No. 35.

Following the Court's directive, the parties submitted a renewed motion with supplemental documentation. On May 13, 2024, the Court approved the settlement of Plaintiff Lopez-Reed's claims and entered an Order granting the renewed motion and dismissing his claims with prejudice. ECF No. 43.

**Page 2 of 11**
**James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.**
**U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE**
**Joint Motion for Approval of Settlement Re: Plaintiffs James Yarbrough and Adam Richbow**

After the Court approved the Lopez-Reed settlement, a revised scheduling order was entered, and the parties proceeded with litigation of the remaining claims asserted by Plaintiffs James Yarbrough and Adam Richbow. Following additional discovery, settlement negotiations, and exchange of payroll and damages information, the parties reached an agreement resolving the final remaining claims in this action.

### III.  STANDARD OF REVIEW

Under 29 U.S.C. § 216(b), an FLSA settlement may recover back wages, liquidated damages, reasonable attorney's fees and costs of the Action. When assessing proposed settlements of FLSA claims, District Courts in the Eleventh Circuit have followed the standards laid out in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). In *Lynn's Food*, the Eleventh Circuit stated that employees may settle claims arising under the FLSA only by a settlement supervised by the Department of Labor or by judicial approval of disputed claims on settlement terms that are fair and reasonable. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *Id.* at 1353 n.8. The adversarial nature of litigated FLSA cases is generally a sufficient indicator of the fairness of the settlement. *Id.* at 1353-54. If the proposed settlement is a fair and reasonable compromise of a bona fide dispute under the FLSA, the district court should approve the settlement. *Id.* at 1354.

Page 3 of 11
James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.
U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE
**Joint Motion for Approval of Settlement Re: Plaintiffs James Yarbrough and Adam Richbow**

## IV. THE RELEVANT CRITERIA SUPPORT APPROVAL OF THE SETTLEMENT

### A. A Bona Fide Dispute Existed Between the Parties

At the forefront of the Court's analysis, it must first be determined that the settlement is a compromise of a bona fide dispute between the Parties. Under *Lynn's Food*, an employee commencing a suit against their employer for back wages provides some indication "of an adversarial context." 679 F.2d at 1354. Here, a bona fide dispute exists between the Parties regarding Plaintiffs' entitlement to overtime wages as well as the number of hours Plaintiffs worked per week. Plaintiffs' positions are they were non-exempt from the overtime requirements of the FLSA and that they worked a significant number of hours over 40 many weeks which should have been compensated at a rate of 1.5 times their regular rate of pay. Defendant's position is that Plaintiffs were paid a sufficient hourly rate and denies Plaintiffs were entitled to any additional compensation. During the course of litigation and settlement, both Parties were represented by counsel, which further indicates the existence of a true conflict.

### B. The Settlement is Fair and Reasonable

After finding the existence of a bona fide dispute, the Court must then evaluate the proposed FLSA settlement to ensure it is a fair and reasonable compromise. As a "framework" for assessing a proposed settlement, Courts have consider the following factors:

> 1) the existence of fraud or collusion behind the settlement; 2) the complexity, expense, and likely duration of the litigation; 3) the stage of the proceedings and the amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of the counsel.

*Hirsch v. Mister Sparky, Inc.,* No. 1:09-cv-2897, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010). When evaluated under these factors, the settlement here easily meets the fair and reasonable

Page 4 of 11
James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.
U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE
Joint Motion for Approval of Settlement Re: Plaintiffs James Yarbrough and Adam Richbow

standard. First, this settlement was the product of litigation and negotiations based on Defendant's exposure to damages from Plaintiffs' claims. There is no evidence to suggest the settlement reached involved fraud or collusion between the parties, and both sides advocated in pursuit of their client's goals.

The next factor for evaluation is the complexity, expense, and likely duration of the litigation. No doubt exists that the settlement will spare the litigants the delay, risk, and expense of continued litigation. Had this case continued, all Parties would have faced significant additional expense in the form of additional discovery, motions practice, and, potentially, a trial on the merits. Further, by entering into this settlement, Plaintiffs are not faced with the prospect of many months of delay for an unsure outcome.

The stage of the proceedings, amount of discovery completed, and probability of the Plaintiffs' success on the merits also weigh in favor of finding the settlement fair and reasonable. There has been no formal discovery in this case; however, Defendant provided Plaintiffs' counsel with Plaintiffs' time and payroll records, which were then used to assess liability and damages. Using this informal discovery, corroborated by Plaintiffs' own estimates of hours worked per week, counsel had the ability to discuss the merits of the case and exchange settlement demands. Plaintiffs' decision to settle their claims included an evaluation of the likelihood of prevailing on the merits of their claims and Defendant's defenses, including the proper method for calculating any alleged damages, as well as the amount of any additional fees and costs. Had Defendant's theory of the case prevailed, Plaintiffs would have been entitled to nothing. Plaintiffs have specifically considered the potential value of their own claims and have concluded that the proposed settlement provides a fair and reasonable resolution of those claims.

**Page 5 of 11**
**James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.**
**U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE**
**Joint Motion for Approval of Settlement Re: Plaintiffs James Yarbrough and Adam Richbow**

The final factors to evaluate, the range of Plaintiffs' possible recovery and the opinions of the counsel, also fall in favor of the proposed settlement being fair and reasonable. The damages calculations for each Plaintiff were derived from Defendant's payroll records, supported by declaration testimony, and premised on the factual allegations in the Complaint being established. Under this damages model, Plaintiff Yarbrough's lost wages would have been $3,786.48 and Plaintiff Richbow's lost wages would have been $3,355.50. Plaintiff Yarbrough's settlement amount of $7,572.96 is equal to a full recovery of this best-case scenario lost wages and liquidated damages, and Plaintiff Richbow's settlement amount of $6,711.00 is equal to a full recovery of this best-case scenario lost wages and liquidated damages lost wages and liquidated damages. As noted above, under Defendant's theory of the case, Plaintiffs would not be entitled to any recovery. Counsel for both Parties, being well-experienced in handling similar such cases, have advised their respective clients regarding the proposed settlement agreement and have recommended judicial approval thereof. Plaintiffs understand and agree to the Agreement's terms.

The Parties have numerous reasons to settle this case. Defendant faces significant risk in an adverse judgment, with the added risk of being responsible for Plaintiffs' and their own additional attorneys' fees and costs later incurred. Plaintiffs risk a judgment in favor of Defendant or, even if they were to prevail on their claims, a recovery lower than the total claimed damages, with the added detriment of the delay in receiving any payment due to the time that would have been spent in further litigation and any appeal. Given these compelling interests, the parties submit that the Agreement is fair and reasonable and that the Court should approve the same.

**Page 6 of 11**
**James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.**
**U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE**
**Joint Motion for Approval of Settlement Re: Plaintiffs James Yarbrough and Adam Richbow**

### C. The Attorney's Fees and Costs are Reasonable

The FLSA provides for an award of reasonable attorneys' fees and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). To determine whether the negotiated amount of attorney fees is reasonable, courts examine whether "counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. Jan. 13, 2009).

As the Court identified in its prior Order, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351. However, when an amount of fees and costs is negotiated entirely separate from a plaintiff's settlement amount, many courts review negotiated fee amounts with less scrutiny. *See Dixon v. Morris-Shea Bridge Co.*, No. 2:21-cv-01110-JHE, 2021 U.S. Dist. LEXIS 222004, at *4 (N.D. Ala. Nov. 17, 2021) ("Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.") (*quoting Davis v. Filta Grp., Inc.*, No. 6:10-cv-457-Orl-31KRS, 2010 U.S. Dist. LEXIS 108043, at *5 (M.D. Fla. Sep. 20, 2010) (internal citations omitted)).

Page 7 of 11
James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.
U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE
**Joint Motion for Approval of Settlement Re: Plaintiffs James Yarbrough and Adam Richbow**

In the prior settlement for Plaintiff Victor Lopez-Reed, the Court approved attorneys' fees and costs in the amount of $3,720.00. In doing so, the Court found that the hours expended and the hourly rate of $254.00 were fair and reasonable and below prevailing rates in the Augusta legal market, noting that the fees were well-documented and reflected work directly attributable to the Plaintiff's claims. *See* ECF No. 43.

For the present settlement involving Plaintiffs James Yarbrough and Adam Richbow, Plaintiffs' counsel has incurred additional fees and costs specifically attributable to resolving their claims. In total, counsel has billed $15,655.00 in fees and $875.50 in costs across all three Plaintiffs in this case, of which the Court has already approved $3,720.00 in connection with Plaintiff Lopez-Reed's settlement. The parties now seek approval of $12,000 for the remaining fees and costs associated with the work performed on behalf of Yarbrough and Richbow. These fees reflect counsel's time spent reviewing records, analyzing hours and payroll data, preparing settlement documents, negotiating settlement terms, and finalizing documentation for both Plaintiffs.

As with the prior award, these fees and costs were negotiated separately from the Plaintiffs' individual settlement amounts and therefore did not reduce the Plaintiffs' recoveries. Combined with the previously awarded $3,720.00 for Plaintiff Lopez-Reed, the total fees and costs remain below counsel's actual billed time for all Plaintiffs. This allocation represents a conservative and reasonable portion of the time devoted to achieving a fair and complete settlement for all Plaintiffs.

To assist the Court in evaluating the reasonableness of the requested fees and costs, Plaintiff's counsel has attached a billing spreadsheet as Exhibit 3, redacted only for attorney-client privileged information and entries by support staff. This spreadsheet includes the billing entries

Page 8 of 11
James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.
U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE
**Joint Motion for Approval of Settlement Re: Plaintiffs James Yarbrough and Adam Richbow**

previously submitted in connection with Plaintiff Lopez-Reed's settlement, as well as all additional time entries incurred since that submission relating to Plaintiffs Yarbrough and Richbow.

Given the substantial time, skill, and resources expended by counsel, the favorable results achieved for both James Yarbrough and Adam Richbow, and the Court's prior approval of fees and costs in a similar context, the parties respectfully submit that the requested total of $12,000 in attorneys' fees and costs is fair, reasonable, and should be approved in full.

## V.   CONCLUSION

The parties have entered into fair and reasonable Settlement Agreements that resolve bona fide disputes under the FLSA. The claims asserted by Plaintiffs Yarbrough and Richbow are identical in all material respects to those previously asserted and approved by the Court in connection with Plaintiff Lopez-Reed's settlement. Accordingly, for the same reasons underlying the Court's prior approval, the parties respectfully request that the Court grant this Joint Motion to Approve Settlement Agreements and dismiss Plaintiffs' claims with prejudice.

Respectfully submitted,

**PLAINTIFF JAMES YARBROUGH and OPT-IN PLAINTIFF ADAM RICHBOW**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

*LEAD COUNSEL FOR PLAINTIFFS*
*Admitted Pro hac Vice*

**Page 9 of 11**
**James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.**
**U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE**
**Joint Motion for Approval of Settlement Re: Plaintiffs James Yarbrough and Adam Richbow**

        DELONG, CALDWELL, BRIDGERS,
        FITZPATRICK & BENJAMIN
        101 Marietta Street, Suite 2650
        Atlanta, Georgia 30303
        Telephone: (404) 979-3150

        Matthew W. Herrington
        Ga. Bar No. 275411
        matthew.herrington@dcbflegal.com

        *LOCAL COUNSEL FOR PLAINTIFFS*

and    **DEFENDANT GEORGIA-CAROLINA STUCCO, INC.**

        HULL BARRETT, PC
        Post Office Box 1564
        Augusta, Georgia 30903-1564
        Phone: (706) 722-4481
        Facsimile: (706) 722-9779

        */s/ James B. Ellington*
        James B. Ellington
        Ga. Bar No. 243858
        jellington@hullbarrett.com

        *COUNSEL FOR DEFENDANT*

**Page 10 of 11**
**James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.**
**U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE**
**Joint Motion for Approval of Settlement Re: Plaintiffs James Yarbrough and Adam Richbow**

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing **Joint Motion for Approval of Settlement Re: Plaintiffs James Yarbrough and Adam Richbow** with the Clerk of Court using the NextGen CM/ECF system and served upon counsel of record by electronic filing as follows:

Josh Sanford
Sean Short
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste. 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com
sean@sanfordlawfirm.com

Matthew W. Herrington
Delong, Caldwell, Bridgers
Fitzpatrick & Benjamin
101 Marietta Street, Suite 2650
Atlanta, Georgia 30303
matthew.herrington@dcbflegal.com

This 7 day of January 2026.

                                    */s/ James B. Ellington*
                                    James B. Ellington

**Page 11 of 11**
**James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.**
**U.S.D.C. (S.D. Ga.) No. 1:22-cv-70-JRH-BKE**
**Joint Motion for Approval of Settlement Re: Plaintiffs James Yarbrough and Adam Richbow**