# EXHIBIT 2

# SETTLEMENT AGREEMENT AND RELEASE

1.      This Settlement Agreement and Release ("Agreement") is entered into by and between Adam Richbow ("Plaintiff") and Georgia-Carolina Stucco, Inc. ("Defendant"). Plaintiff and Defendant are jointly referred to herein as the "Parties."

2.      <u>Statement of Pending Claims</u>. On June 1, 2022, James Yarbrough and Victor Lopez-Reed filed the Civil Action, *James Yarbrough, et al. v. Georgia-Carolina Stucco, Inc.* No. 1:22-cv-70-JRH-BKE, in the United States District Court for the Southern District of Georgia (the "Action"). In the Action, Mr. Yarbrough and Mr. Lopez-Reed claim that Defendant failed to pay Plaintiff proper overtime amounts due under the Fair Labor Standards Act ("FLSA"). Plaintiff filed a Consent to Join on September 15, 2022. On May 13, 2024, the Court entered an Order granting a Joint Motion to Approve Settlement filed by Mr. Lopez-Reed and Defendant and dismissing with prejudice all claims by Mr. Lopez-Reed. Plaintiff and Defendant have concluded that it is in the best interests of the parties to enter into this Settlement Agreement and Release on the terms set forth herein.

3.      <u>Non-Admission</u>. Defendant denies it or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4.      <u>Payment to Plaintiff</u>. In consideration for signing this Settlement Agreement and Release, the dismissal of Plaintiff's claims in the Action with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay Plaintiff the total sum of **Six Thousand Seven Hundred Eleven and No/100 Dollars ($6,711.00)**. Defendant shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, within twenty-one (21) days of the Court's approval of this Agreement, in the following amounts:

> a.      a check for $3,355.50 made payable to Plaintiff, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue Plaintiff an IRS Form W-2; and

> b.      a check for $3,355.50 made payable to Plaintiff for compensatory and liquidated damages in an amount equal to the payment of back pay set forth in paragraph 4 (a) above, for which

Doc ID: 0be484b5a196e59cd195b670abafe41134a857d9

Defendant will issue Plaintiff an IRS Form 1099. While taxes are not withheld from this amount, Plaintiff understands and agrees that Defendant will notify federal, state, and local tax authorities of this amount and that any federal, state, or local taxes, or other legal obligations applicable to this amount are his responsibility alone.

c.      Plaintiff certifies that he has received all compensation, remuneration, and benefits due as a result of his employment with Defendant, and he is not due any additional wages or earnings.

5.      Payment to Plaintiff's Counsel. In addition to the above payments, Defendant agrees to pay Plaintiff's counsel the total sum of **Six Thousand Dollars** (\$6,000.00). Defendant will deliver this amount via check made payable to "Sanford Law Firm" to 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas, 72211 within twenty-one (21) days of the Court's approval of this Agreement. Defendant will issue the Sanford Law Firm an IRS Form 1099 reflecting this payment. While taxes are not withheld from this amount, Plaintiff and counsel for Plaintiff each understand and agree that any federal, state, or local taxes or other legal obligations applicable to this amount are their responsibility alone.

6.      Joint Motion for Approval. Within seven (7) days of complete execution of this Agreement, the Parties will file a Joint Motion for Approval of Settlement, in a form to be agreed upon by the Parties.

7.      Release of Claims. In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendant, its representatives and assigns, as well as its predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiff under the FLSA.

8.      Covenant Not to Sue. Plaintiff covenants not to sue any of the Releasees for any claim Plaintiff releases in this Agreement.

- 2 -

9.    <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between Plaintiff and Releasees with respect to its subject matter and supersedes all other agreements between Plaintiff and Releasees.

10.    <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

11.    <u>Choice of Law</u>. This Settlement Agreement and Release is to be interpreted pursuant to the laws of Georgia, except where the application of federal law applies.

12.    <u>Waiver</u>. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

13.    <u>Liens</u>.    Plaintiff understands and agrees that he is solely and exclusively responsible for any tax claim, lien, setoff, attorney's fee lien, or other rights that any other person has to any part of the aforementioned amount, and that he will indemnify, defend and hold Defendant harmless in the event that any other person or entity or government unit makes any claim whatsoever against Defendant by reason of any interest in the aforementioned amount.    Plaintiff represents that he has not filed for bankruptcy protection during the pendency of this action or at any other relevant time.    Further, it is understood that the undersigned counsel for Plaintiff has made counsel's own separate arrangements with every attorney, advisor, and/or consultant for the satisfaction, in whole or in part, of costs and attorney's fees, and that counsel joins in this Settlement Agreement to release and forever discharge Defendant and all associated with it from any claim whatsoever for such fees and costs.    Plaintiff is solely responsible for claims of his counsel and other counsel, if any, claiming an interest in this litigation.

14.    <u>Benefit Plans</u>. No payment made pursuant to this Agreement shall constitute or be considered "wages," "earnings," or "compensation" for any purpose under any retirement plan, welfare plan, pay practice, stock purchase plan, bonus plan, employee stock ownership plan, or vacation policy of Defendant.

15.    <u>Dismissal of Claims</u>. Plaintiff agrees that the monetary payments made to him and on his behalf pursuant to paragraph 4 above are the only

- 3 -

Doc ID: 0be484b5a196e59cd195b670abafe41134a857d9

monetary payments due him in connection with this Settlement Agreement or his employment by Defendant. Plaintiff's entitlement to these payments is conditioned on the Court's dismissal of his claims in the Action with prejudice.

16. <u>Entire Understanding</u>. Plaintiff and Defendant represent and acknowledge that no promise, inducement, or agreement other than as expressed herein has been made and that this Settlement Agreement and Release contains the entire understanding and agreement of the parties.

17. <u>Severability</u>. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

18. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendants shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

19. <u>Cooperation and Drafting</u>. The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

**PLAINTIFF**                                      **DEFENDANT**

*Adam Richbow*
_____          _____
**Adam Richbow**                              **Georgia-Carolina Stucco, Inc.**

Date: 12 / 20 / 2025
_____

                                                            By (print): _____
                                                            Date: _____

- 4 -

Doc ID: 0be484b5a196e59cd195b670abafe41134a857d9

monetary payments due him in connection with this Settlement Agreement or his employment by Defendant. Plaintiff's entitlement to these payments is conditioned on the Court's dismissal of his claims in the Action with prejudice.

16.    Entire Understanding.    Plaintiff and Defendant represent and acknowledge that no promise, inducement, or agreement other than as expressed herein has been made and that this Settlement Agreement and Release contains the entire understanding and agreement of the parties.

17.    Severability. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

18.    Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendants shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

19.    Cooperation and Drafting. The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

**PLAINTIFF**

_____
**Adam Richbow**

Date: _____

**DEFENDANT**

_____
**Georgia-Carolina Stucco, Inc.**

By (print): _Pamela Davison_____
Date: _____January 7, 2026_____

{02310680-1}

I warrant and represent pursuant to Section 12 of the Agreement that attorneys' fees, costs and expenses associated with Plaintiff's claims are being satisfied from the aforesaid payments.

_____

Sean Short, counsel for
Adam Richbow

Date: ___1/5/26___

Doc ID: 0bcd84b5a196a59ad195b670abafa41134a857d6