IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JAMES YARBROUGH, et al.,          *
                                  *
     Plaintiffs,                  *
                                  *
     v.                           *
                                  *     CV 122-070
GEORGIA-CAROLINA STUCCO, INC.,    *
                                  *
     Defendant.                   *

# ORDER

Before the Court is the Parties' joint motion for approval of settlements. (Doc. 67.) Plaintiffs James Yarbrough and Adam Richbow[1] assert claims against Defendant for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., as amended, and seek to recover unpaid overtime wages and attorney's fees. (Id. at 6, 8.) The Parties attached Plaintiffs' respective settlement agreements. (Docs. 67-1, 67-2.) Pursuant to Eleventh Circuit precedent and the FLSA, the Court is required to scrutinize the proposed settlement agreements for fairness before approving them and entering judgment. For the following reasons, the Parties' motion is **DENIED**.

---

[1] Although not listed in the case caption, Plaintiff Richbow filed his consent to join on September 15, 2022. (Doc. 17.) Thus, the Clerk is **DIRECTED** to add him as a Plaintiff to this action.

## I. DISCUSSION

Congress enacted the FLSA to protect workers from oppressive working hours and substandard wages. Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981). Because workers and employers often possess unequal bargaining power, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-07 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement falling below FLSA's minimum employee protections. See Barrentine, 450 U.S. at 740. Accordingly, FLSA provisions are not subject to bargaining, waiver, or modification either by contract or settlement, except for two narrow exceptions. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The first exception involves actions taken by the Secretary of Labor and, therefore, is inapplicable to the proposed settlement in this case. See id. at 1353. The second exception, which applies here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). Id. In such an instance, the parties must present the proposed settlement to the court, and the court may approve it "after scrutinizing the settlement for fairness." Id. (citation omitted). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of

back wages, that are actually in dispute[,]" then the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. The settlement can cover unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and costs of the action. 29 U.S.C. § 216(b).

**A. Bona Fide Dispute**

Before accepting the proposed settlement, the Court must determine whether a true conflict exists. A true conflict requires a bona fide dispute over FLSA provisions. Lynn's Food Stores, 679 F.2d at 1354. Initiation of "a suit brought by employees under the FLSA for back wages . . . provides some assurance of an adversarial context." Id.; accord Barnes v. Ferrell Elec., Inc., No. CV 113-056, 2013 WL 5651903, at *1 (S.D. Ga. Oct. 16, 2013) ("Plaintiff filed suit and is represented by counsel, which provides some indication that a true conflict exists between Plaintiff and her employer.").

Here, Plaintiffs filed suit for unpaid overtime wages and are represented by counsel, suggesting a true adversarial conflict exists. (Doc. 1, at 1, 9; Doc. 67, at 4.) Further, Defendant

3

denies Plaintiffs are entitled to any overtime wages due to an FLSA exemption. (Doc. 67, at 4.) The Parties dispute whether Plaintiffs were non-exempt employees for purposes of the FLSA's overtime provisions, the number of hours Plaintiffs worked each week, and whether Plaintiffs were entitled to any additional compensation. (Id.) Based on the Parties' pleadings and joint motion, the Court finds the presence of a bona fide dispute and turns to the fairness and reasonableness of the settlement.

**B. Fairness and Reasonableness of Settlement Amount**

"[W]here a plaintiff agrees to accept less than [her] full FLSA wages and liquidated damages, [she] has compromised [her] claim." Gerena v. Cato Env't Servs., Inc., No. 6:07-CV-1540, 2009 WL 975537, at *2 (M.D. Fla. Apr. 9, 2009). Defendant has agreed to pay Plaintiff Yarbrough $7,572.96 and Plaintiff Richbow $6,711.00. for lost wages and liquidated damages. (Doc. 67, at 6.)

Courts have considered several factors in determining whether a FLSA settlement is fair and reasonable:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Hirsch v. Mister Sparky, Inc., No. 1:09-CV-2897, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010) (citations omitted). Courts,

4

however, apply a strong presumption of fairness to FLSA settlements. <u>Kyles v. Health First, Inc.</u>, No. 6:09-cv-1248, 2010 WL 11626713, at *2 (M.D. Fla. Oct. 26, 2010) (citing <u>Cotton v. Hinton</u>, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The proposed settlement amounts are fair and reasonable. First, the Court finds no evidence of fraud or collusion. The Parties were independently represented by counsel through the litigation and settlement process, and "both sides advocated in pursuit of their client's goals." (Doc. 67, at 4-5.) Second, the Parties acknowledge "the settlement will spare the litigants the delay, risk, and expense of continued litigation" and avoids "the prospect of many months of delay for an unsure outcome." (<u>Id.</u> at 5.) Third, although litigation is in an early phase, the Parties evaluated "the likelihood of prevailing on the merits of [Plaintiffs'] claims and Defendant's defenses" by reviewing "Plaintiffs' time and payroll records . . . to assess liability and damages." (<u>Id.</u>) Fourth, the Parties dispute the factual issues pertaining to the number of hours Plaintiffs worked and the proper method of calculating damages. (<u>Id.</u>) However, after considering the potential value of their claims and Defendant's theory of the case, Plaintiffs "concluded that the proposed settlement provides a fair and reasonable resolution of those claims." (<u>Id.</u>) As such, the fourth factor weighs in favor of finding a fair and reasonable settlement. (<u>Id.</u> at 4-5.)

5

Regarding the range of Plaintiffs' possible recovery under the fifth factor, Plaintiffs' proposed back-wages and liquidated damages fall reasonably within the possible range of recovery. The lost wages and liquidated damages were "derived from Defendant's payroll records, supported by declaration testimony, and premised on the factual allegations in the Complaint." (Id. at 6.) Plaintiff Yarbrough's lost wages would have been $3,786.48, and his settlement amount of $7,572.96 is "equal to a full recovery of his best-case scenario lost wages and liquidated damages." (Id.) Plaintiff Richbow's lost wages would have been $3,355.50, and his settlement amount of $6,711.00 is also "equal to a full recovery of his best-case scenario lost wages and liquidated damages." (Id.)

In most instances, the liquidated damages should be equal to the amount of unpaid wages per the FLSA. See 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.") Additionally, "under the FLSA, if a plaintiff is entitled to recover unpaid minimum wages or unpaid overtime compensation, then he or she is statutorily entitled to an equal amount of liquidated damages." Clifton v. Heritage Constr. Savannah, Inc., No. CV422-099, 2022 WL 17961466, at *2 (S.D. Ga.

6

Dec. 27, 2022) (citing Norman v. BPR Brampton, No. 6:20-cv-95, 2021 WL 2877601, at *4 (S.D. Ga. July 8, 2021); 29 U.S.C. § 216(b)). Here, the proposed settlement agreements explicitly account for the Plaintiffs' lost wages and liquidated damages. Further, experienced counsel for the Parties advised their respective clients during the settlement negotiations and recommend judicial approval of the settlement agreements. (Doc. 67, at 6.) Based on the foregoing, the Court finds the settlement amounts are fair and reasonable.

**C. Attorney's Fees and Costs**

When a plaintiff settles for less than a full recovery, costs or fees paid to plaintiff's counsel are improper unless they are fair and reasonable. See Silva v. Miller, 307 F. App'x 349, 350-51 (11th Cir. 2009). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id. at 351.

The district court determines what fee is reasonable by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of this formula is the "lodestar." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). "A reasonable hourly rate is the prevailing market rate in

7

the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). Generally, the "relevant legal community" is that of the place where the case is filed. Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market for this Court is the Augusta legal market, where the reasonable rate for more experienced attorneys is $450/hour, for other attorneys is $315/hour, and for paralegals is $150/hour. See Jackson v. Johnson, No. CV 123-074, Doc. 18 (S.D. Ga. Aug. 31, 2024); Whitesell Corp. v. Electrolux Home Prod., Inc., No. CV 103-050, 2021 WL 9316401, at *2 (S.D. Ga. July 20, 2021). When considering the lodestar, both the hours expended and the hourly rate must be reasonable. See Hensley, 461 U.S. at 433.

The proposed settlement agreements award Plaintiffs' counsel $12,000.00 in attorney's fees and costs. (Doc. 67, at 8.) Plaintiffs' counsel billed $15,655.00 in fees and $875.50 in costs for a total of 47.2 hours expended across the three Plaintiffs in this case. (Id.; Doc. 67-3, at 13.) The Court previously approved $3,720.00 for attorney's fees in Plaintiff Lopez-Reed's settlement. (Doc. 43, at 5-6.) Now, the requested fees "reflect counsel's time spent reviewing records, analyzing hours and payroll data, preparing settlement documents, negotiating

8

settlement terms, and finalizing documentation for both Plaintiffs." (Doc. 68, at 8.)  The Parties state that these fees and costs were negotiated separately from the Plaintiffs' individual settlements as not to reduce Plaintiffs' recoveries. (Id.)  Plaintiff's counsel attached a billing spreadsheet from Sanford Law Firm, PLLC ("Sanford Law Firm") totaling $16,530.50 for fees and costs of Plaintiffs Yarbrough, Richbow, and Lopez-Reed and with entries from support staff redacted. (Id. at 8-9; Doc. 67-3, at 2-13.)

The Court first examines the reasonableness of the attorneys' fees incurred by Sanford Law Firm's attorneys.  While the Court finds the hours expended are not unreasonable, it takes caution with the requested hourly billing rates ranging from $220.00 to $470.00 without providing a resume or the experience and credentials of counsel. (Doc. 67-3, at 2-13.)  Even assuming attorney Josh Sanford is a more experienced attorney, the Court finds his rate exceeds the Augusta market rate of $450 for more experienced attorneys. (Doc. 67-3, at 9-12); Jackson v. Johnson, No. CV 123-074, Doc. 18 (S.D. Ga. Aug. 31, 2024).  Based on the evidence provided and the requested rate being above the reasonable rate for experienced attorneys in the Augusta market, the Court finds Plaintiffs' requested hourly rate unreasonable.  Thus, the Court cannot approve the proposed settlement agreements as they

stand, and any future proposed settlement agreements should take these findings into consideration.

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Parties' joint motion to approve settlements (Doc. 67) is **DENIED**. Within **FOURTEEN (14) DAYS** of the date of this Order, the Parties may file a revised motion for approval of settlement agreements with amended agreements appended that address the issues discussed herein. If the Parties do not move for approval of revised settlement agreements within **FOURTEEN (14) DAYS**, the Court **DIRECTS** the Parties to submit a status report setting forth the status of settlement discussions.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of January, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA