IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JAMES YARBROUGH, et al., | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | *   CV 122-070 |
| GEORGIA-CAROLINA STUCCO, INC., | * |
| | * |
| Defendant. | * |

**O R D E R**

Before the Court is the Parties' "Renewed Joint Motion for Approval of Settlement Agreement" (the "Joint Motion"). (Doc. 69.)  Pursuant to Eleventh Circuit precedent and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as amended, the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering judgment. <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982).  On January 30, 2026, the Court denied the Parties' original motion for settlement approval.  (Doc. 68, at 10.)  The Parties now submit a renewed motion (Doc. 69); a corrected billing spreadsheet (Doc. 69-1); and a declaration of Josh Sanford, Plaintiffs' counsel (Doc. 69-2).  For the following reasons, the Parties' renewed motion (Doc. 69) is **GRANTED**.

## I. DISCUSSION

The Court previously found the presence of a bona fide dispute, the settlement amount was fair and reasonable, and the hours expended by Plaintiffs' attorneys were reasonable. (Doc. 68, at 7, 9-10.) However, the Court denied the Parties' original motion because the requested hourly rates were above the market rate and the Court lacked information as to the experience and credentials of counsel. (Id. at 7-9.) The Court directed the Parties to submit additional information to allow the Court to determine whether the attorneys' fees and costs are fair and reasonable. (Id. at 10.)

When a plaintiff settles for less than a full recovery, costs or fees paid to plaintiff's counsel are improper unless they are fair and reasonable. See Silva v. Miller, 307 F. App'x 349, 350-51 (11th Cir. 2009). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id. at 351. The district court determines what fee is reasonable by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of this formula is the "lodestar." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). "A reasonable hourly rate is the prevailing

market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). Generally, the relevant legal community is that of the place where the case is filed. See Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market for this Court is the Augusta legal market, where the reasonable rate for more experienced attorneys is $450/hour, for other attorneys is $315/hour, and for paralegals is $150/hour. See Jackson v. Johnson, No. CV 123-074, Doc. 18 (S.D. Ga. Aug. 31, 2024); Whitesell Corp. v. Electrolux Home Prod., Inc., No. CV 103-050, 2021 WL 9316401, at *2 (S.D. Ga. July 20, 2021). When determining the lodestar, both the hours expended and the hourly rate must be reasonable. See Hensley, 461 U.S. at 433.

The proposed settlement agreements award Plaintiffs' counsel $12,000.00 in attorneys' fees and costs. (Doc. 69, at 5.) Plaintiffs' counsel billed $16,481.00 in fees and costs for a total of 47.2 hours expended across the three Plaintiffs. (Id.; Doc. 69-1, at 12.) The Court previously approved $3,720.00 of attorneys' fees in Plaintiff Lopez-Reed's settlement, and the Parties state the hourly rates requested are identical to those previously approved by the Court. (Doc. 69, at 5.) The Parties state "the amount requested is both reasonable and shows compromise

3

on behalf of both parties." (Id.) The Court previously expressed concern regarding the requested billing rates that ranged from $220.00 to $470.00 without attaching a resume or credentials of counsel.[1] (Doc. 68, at 9.) The Parties now provide the experience of the attorneys who participated in this litigation. (Doc. 69, at 3-4.)

First, the Parties reduced the highest requested hourly rate from $470.00 to $425.00 for Attorney Josh Sanford, and all requested hourly rates now range from $220.00 to $425.00. (Id. at 3; Doc. 69-2, at 1-12.) The Parties attached a declaration of Attorney Sanford, in which he details his expertise in employment law and litigating and settling wage cases throughout the United States. (Doc. 69-2, at 1-4.) Second, the Parties detailed the credentials and experience of each attorney, including their role in the case and the nature and duration of their litigation practice. (Doc. 69, at 3-4; Doc. 69-2, at 4-6.) Attorney Sanford further states "[t]he rates are reflective of the number of years each attorney has practiced, the attorneys' expertise in employment issues such as the FLSA, and the rates charged by other attorneys specializing in FLSA work." (Doc. 69-2, at 4.) Based

---

[1] The Parties state the hourly rate of $470.00 on eleven of Josh Sanford's billing entries was an unintentional error that resulted in an additional $49.50 billed across 1.1 hours. (Doc. 69, at 2.) The Parties have since corrected the billing spreadsheet to reflect the $425.00 hourly rate for Josh Sanford and subtracted the excess fees. (Doc. 69-1, at 8-12.)

4

on the above reasonable rate for experienced attorneys in the Augusta market, the Court finds the requested attorneys' fees reasonable. Because the Court previously approved the number of hours expended and now approves Plaintiffs' hourly rates, the Court **GRANTS** the Joint Motion.

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Parties' "Renewed Joint Motion for Approval of Settlement Agreement." (Doc. 69.) The Parties request the Court dismiss this action with prejudice upon approval of the settlement agreements. (Id. at 5.) Accordingly, **IT IS HEREBY ORDERED** that this matter is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED to TERMINATE** all other motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of February, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

5